IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Thurmond R. Guess, Sr., | ) | C/A No. 3:19-400-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER REGARDING** |
| | ) | **AMENDMENT OF COMPLAINT** |
| Sharon Y. Hipps; State Farm Insurance; H. | ) | |
| Ranald Stanley; John Austin Hood; Gallivant | ) | |
| White Boyd; Johnston Cox; William P.A. | ) | |
| Buyck, III; GEICO Indemnity Co.; Elliot B. | ) | |
| Daniels; South Carolina Department of Motor | ) | |
| Vehicles, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Thurmond R. Guess, Sr., proceeding *pro se*, brings this civil rights and personal

injury action pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C.

§ 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance

with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not

amend the Complaint to cure the deficiencies identified herein.

I.      **Factual and Procedural Background**

Plaintiff indicates that on February 17, 2016, he and Defendant Hipps were involved in a

motor vehicle collision in Columbia, South Carolina, in which Plaintiff was charged by the city

police for following too closely. (Compl., ECF No. 1 at 2; ECF No. 1-1 at 1.) Plaintiff's charge was

dismissed for lack of prosecution, but Hipps filed a lawsuit against Plaintiff in the Richland County

Court of Common Pleas. (Id., ECF No. 1-1 at 3-9.) Plaintiff claims that in the civil suit he

demanded a jury trial and counterclaimed. (Id., ECF No. 1 at 2.) Plaintiff claims the court granted

PJG

summary judgment in favor of Hipps, and that Defendant GEICO, Hipps's insurer, and Defendant State Farm Insurance, Plaintiff's insurer, conspired to "remove" Plaintiff's counterclaim from the docket and prevent Plaintiff from having his day in court. (Id.)

Plaintiff raises claims that the defendants violated Plaintiff's Seventh Amendment right to a jury trial by "taking" Plaintiff's case off of the docket and Plaintiff's rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., by not giving Plaintiff notice of court hearings and dates, and by not telling Plaintiff about a settlement with Hipps. (Id. at 3.) Plaintiff also claims, pursuant to 42 U.S.C. § 1983, that the South Carolina Department of Motor Vehicles ("SCDMV") failed to remove and clear Plaintiff's driving record after he was found "not guilty" as to his traffic citation arising out of the accident. (Id.) Finally, Plaintiff raises a state law claim of intentional infliction of emotional distress against all of the defendants. (Id. at 4.) Plaintiff seeks actual damages. (Id.)

## II.     Discussion

### A.      Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

PJG

In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

B.      Analysis

1.      South Carolina Department of Motor Vehicles

Plaintiff raises a claim of an unspecified constitutional violation against the SCDMV for damages pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). Plaintiff also raises a state law claim of intentional infliction of emotional distress.

However, the SCDMV is immune from Plaintiff's claim for damages. The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal

PJG

court.  See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S.

44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890).  Such immunity extends to arms of the state,

including a state's agencies, instrumentalities and employees.  See Pennhurst State Sch. & Hosp. v.

Halderman, 465 U.S. 89, 101-02 (1984); see also Regents of the Univ. of Cal. v. Doe, 519 U.S. 425,

429 (1997).  While sovereign immunity does not bar suit where a state has given consent to be sued,

or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies

in the instant case.[1]   Therefore, the SCDMV is subject to summary dismissal because it is immune.

See 28 U.S.C. § 1915(e)(2)(B)(iii).

### 2.      Remaining Defendants

As to the remaining defendants, Plaintiff's claims are subject to summary dismissal for

failure to state a claim upon which relief can be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  First,

Plaintiff fails to provide any facts about Defendants H. Ranald Stanley; John Austin Hood; Gallivant

White Boyd; Johnston Cox; William P.A. Buyck, III; and Elliot B. Daniels.  Thus, Plaintiff has failed

to provide enough factual matter that could state a plausible legal claim.  See Fed. R. Civ. P. 8

(requiring that a pleading contain "a short and plain statement of the claim showing that the pleader

is entitled to relief"); Iqbal, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not

require detailed factual allegations, but it requires more than a plain accusation that the defendant

unlawfully harmed the plaintiff, devoid of factual support).

As to Defendants Sharon Y. Hipps, State Farm Insurance, and GEICO Indemnity Co.,

Plaintiff's mere allegation that these defendants were participants in a state court civil lawsuit with

---

[1] Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court.  S.C. Code Ann. § 15-78-20(e).



which Plaintiff was involved fails to give rise to any recognizable legal claim.  See Fed. R. Civ. P. 8; Iqbal, 556 U.S. at 678.  As to his claim of a violation of the Seventh Amendment, Plaintiff fails to provide any factual support for his claim that these defendants conspired to deprive him of a jury trial, to the extent that such a fact would even give rise to a legal cause of action against non-state actors.  See generally West, 487 U.S. at 49 ("To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.") (quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936 n.18 (1982)).  And as to his claim for a violation of the ADA, Plaintiff fails to provide any facts that plausibly show he is disabled, or that he was denied access to a public program or service, see 42 U.S.C. § 12132, or a facility of public accommodation, see 42 U.S.C. § 12182.  Moreover, Plaintiff fails to provide any facts that would show that he suffered severe emotional distress, or that such distress was caused by the defendants.  See generally Bass v. S.C. Dep't of Soc. Servs., 780 S.E.2d 252, 260-61 (S.C. 2015) (stating the elements for the cause of action of intentional infliction of emotional distress, also known as outrage).

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii-iii).  Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of

PJG

Civil Procedure 15(a) that corrects the deficiencies identified above.[2]  If Plaintiff fails to file an

amended complaint that corrects those deficiencies, this action will be recommended for summary

dismissal pursuant to 28 U.S.C. § 1915.

      **IT IS SO ORDERED**.

                    Paige J. Gossett
                    UNITED STATES MAGISTRATE JUDGE

April 2, 2019
Columbia, South Carolina

     *Plaintiff's attention is directed to the important WARNING on the following page.*

---

[2] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915.  Further, Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself.  See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.  Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

## WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).