IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Thurmond R. Guess, Sr., | ) | C/A No. 3:19-400-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sharon Y. Hipps; State Farm Insurance; H. Ranald Stanley; John Austin Hood; Gallivant White Boyd; Johnston Cox; William P.A. Buyck, III; GEICO Indemnity Co.; Elliot B. Daniels; South Carolina Department of Motor Vehicles, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motion of the plaintiff, Thurmond R. Guess, Sr., to recuse the assigned magistrate judge. (ECF No. 13.) Finding no basis for recusal, the court denies Guess's motion.

Recusal of federal judges is generally governed by 28 U.S.C. § 455.[1] Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). For purposes of this statute, the hypothetical "reasonable person" is not a judge, since judges, who are trained to regard matters impartially and are keenly aware of

---

[1] Notably, § 455 largely tracks the language of Canon 3(C) of the Code of Conduct for United States Judges, which also governs recusal of federal judges.



that obligation, "may regard asserted conflicts to be more innocuous than an outsider would." United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998). The "reasonable person" is a "well-informed, thoughtful observer," but not one who is "hypersensitive or unduly suspicious." In re Mason, 916 F.2d 384, 386 (7th Cir. 1990).

Section 455(a) does not require recusal "simply because of unsupported, irrational or highly tenuous speculation," or because a judge "possesses some tangential relationship to the proceedings." Cherry, 330 F.3d at 665 (internal quotation omitted). The Fourth Circuit recognizes that overly cautious recusal would improperly allow litigants to exercise a "negative veto" over the assignment of judges simply by hinting at impropriety. DeTemple, 162 F.3d at 287. Recusal decisions under § 455(a) are "fact-driven and may turn on subtleties in the particular case." United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008).

Subsection (b) of § 455 further provides a list of specific instances where a federal judge's recusal is mandated, regardless of the perception of a reasonable observer. Liteky v. United States, 510 U.S. 540, 567 (1994) (Kennedy, J., concurring). Pertinent here, § 455(b)(1) disqualifies a judge "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Bias or prejudice must be proven by compelling evidence. Brokaw v. Mercer Cty., 235 F.3d 1000, 1025 (7th Cir. 2000). Moreover, the United States Supreme Court has made clear that to warrant disqualification, "[t]he alleged bias or prejudice . . . must stem from an extrajudicial source . . . other than what the judge learned from his participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). In applying the extrajudicial source doctrine, the Supreme Court has held that

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or

accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.

Liteky v. United States, 510 U.S. 540, 555 (1994) (citation omitted).

Here, Guess argues that he did not consent for his case to be assigned to a United States Magistrate Judge. He also requests that the assigned magistrate judge be recused because Guess "cannot get a fair trial" and alludes to the judge's previous rulings in other cases in which Guess did not prevail.

Importantly, Guess points to no extrajudicial source of bias or prejudice. Moreover, as stated above, mere disagreement with judicial rulings and unsupported allegations of bias are insufficient to warrant recusal. Additionally, pursuant to the Local Civil Rules of this district, all pretrial proceedings in civil cases involving a *pro se* litigant are automatically referred to a United States Magistrate Judge. See Local Civ. Rule 73.02(B)(2)(e) (D.S.C.). Accordingly, it is

**ORDERED** that the plaintiff's motion to recuse is denied.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 9, 2019
Columbia, South Carolina