IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Thurmond R. Guess, Sr., <br><br> Plaintiff, <br><br> v. <br><br> Sharon Y. Hipps; State Farm Insurance; H. Ranald Stanley; John Austin Hood; Gallivant White Boyd; Johnston Cox; William P.A. Buyck, III; Geico Indeminty Co.; South Carolina Department of Motor Vehicles; Shirley H. Rivers, <br><br> Defendants. | C/A No. 3:19-400-CMC <br><br><br> **OPINION AND ORDER** |

  Thurmond R. Guess, Sr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action against Sharon Y. Hipps; State Farm Insurance; H. Ranald Stanley; John Austin Hood; Gallivant White Boyd; Johnston Cox; William P.A. Buyck, III; Geico Indemnity Co.; South Carolina Department of Motor Vehicles ("SCDMV"); and Shirley H. Rivers (collectively "Defendants") claiming violations of state law and his constitutional rights pursuant to 42 U.S.C. § 1983. ECF No. 14.[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial

---

[1] Plaintiff filed his original Complaint on February 12, 2019, and was given an opportunity to amend his Complaint by Order of the Magistrate Judge to cure identified deficiencies. ECF Nos. 1 (Complaint), 11 (Order). Plaintiff filed his Amended Complaint on April 9, 2019. ECF No. 14.

proceedings. On May 9, 2019, the Magistrate Judge issued a Report and Recommendation ("Report") recommending this matter be summarily dismissed with prejudice and without issuance and service of process. ECF No. 21. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections on May 20, 2019. ECF No. 25.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Plaintiff's objections, the court agrees with the Report's recommendation the case be dismissed. In his objections, Plaintiff argues his case is "not frivolous or malicious" because Defendants violated state law as well as his Fifth and Seventh Amendment rights under the Constitution. ECF No. 25. He contends he has "stated facts that would support and survive summary judgment." *Id.* at 2. He argues his Seventh Amendment rights were violated because he was not given a jury trial, but his case was taken off the docket without notice. He also argues the

SCDMV and Defendant Rivers violated his Fifth Amendment rights by refusing to clear his driver record after he was found not guilty of a "following too closely" charge. *Id.* He contends his case "equates" to *Bivens* and all Defendants are "subject to a biven [*sic*] action for the violation of the constitution in this matter." *Id.* Finally, he requests the Magistrate Judge recuse herself from all of his cases. *Id.*

The court finds Plaintiff's objections unavailing. As noted by the Magistrate Judge, many of the Defendants are private parties and not amenable to suit under § 1983 or *Bivens*, as they are not state actors. Therefore, Plaintiff cannot bring a § 1983 or *Bivens* action against Defendants Hipps, State Farm Insurance, Stanley, Hood, Gallivant White Boyd, Cox, Buyck, Geico, or Daniels. Plaintiff has alleged no facts showing any connection to the government so that they could be considered state actors under § 1983, or federal actors under *Bivens*. The court also agrees Plaintiff has failed to state facts sufficient to allege a claim of racial discrimination against State Farm Insurance.

Similarly, Defendant SCDMV is immune to claims for damages under § 1983. As to Defendant Rivers, a SCDMV employee, the court agrees Plaintiff has failed to allege facts sufficient to allege a violation of his constitutional rights. The court further agrees with the Magistrate Judge Plaintiff fails to provide any facts to support an ADA claim or an intentional infliction of emotional distress claim. Plaintiff's objections do nothing to change these conclusions.

Further, it does not appear Plaintiff would be able to further amend his Amended Complaint to allege any facts that would allow him to sue these Defendants. Plaintiff has been given the opportunity to amend his Complaint, and his Amended Complaint still fails for the reasons above.

Accordingly, the court adopts the Report by reference in this Order. This matter is hereby dismissed with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 23, 2019