IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Thurmond R. Guess, Sr.,<br><br>Plaintiff,<br><br>v.<br><br>Sharon Y. Hipps; State Farm Insurance; H. Ranald Stanley; John Austin Hood; Gallivan White Boyd; Johnston Cox; William P.A. Buyck, III; Geico Indeminty Co.; Elliott B. Daniels; South Carolina Department of Motor Vehicles; Shirley H. Rivers,<br><br>Defendants. | C/A No. 3:19-400-CMC<br><br><br>**OPINION AND ORDER** |

This matter is before the court on Plaintiff's dual motions to alter or amend the Judgment pursuant to Fed. R. Civ. P. 59(e). ECF Nos. 33, 34. The motions are nearly identical, with one small difference that does not affect the substance of the motions. Plaintiff argues the Magistrate Judge's Report and the Order adopting it are "defective, erroneous and abuse of district [sic]." *Id.* He contends the orders are "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." He further argues the Order left off a Defendant, Elliott B. Daniels, and that Defendant Rivers is employed by the state government of South Carolina. *Id.*

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments

which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. Relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Id.* (internal marks omitted). "Mere disagreement does not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

Plaintiff's motions do not meet this standard. Although he argues the court made an error of law, he does not further explain what this error was, beyond the scrivener's error mentioned below, or why the Order was erroneous. The court does agree a scrivener's error appeared in its original Order adopting the Report (ECF No. 27), when Defendant Daniels was inadvertently left off the caption (though he was mentioned in the body of the Order). However, this was corrected in an Amended Order issued May 28, 2019. ECF No. 30. Further, the court is aware Defendant Rivers is an employee of the South Carolina Department of Motor Vehicles and as such is a state employee; however, the reasons why recovery is not justified as to this Defendant were explained in the Order dismissing the case. *See* ECF No. 30 at 3.

Plaintiff's arguments are unavailing and fail to meet the standard required for a Rule 59(e) motion. Accordingly, the motions (ECF Nos. 33, 34) are denied.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 19, 2019